United States District Court
Southern District of Texas
**ENTERED**
September 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CHAD ALLEN FORESHEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:22-CV-00014 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT DEFENDANT'S MOTION TO DISMISS

Plaintiff Chad Allen Foreshee, an inmate proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is a Motion to Dismiss filed by Defendant Bobby Lumpkin.  (D.E. 12). For the reasons set forth below, it is respectfully recommended that this motion be **GRANTED**.

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently residing at a private residence in Dallas,

1 / 13

Texas (after having been paroled).  At the time he filed this lawsuit, Plaintiff was confined at the McConnell Unit in Beeville, Texas.

Plaintiff sues Defendant Division Director of the TDCJ-CID, Bobby Lumpkin, in this action. Plaintiff filed suit against Defendant Lumpkin on April 25, 2022, pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc-1, *et seq.* ("RLUIPA") and the First Amendment. (D.E. 1, pgs. 3-4).  Because Plaintiff has not identified what capacity Defendant Lumpkin is being sued in, the Court assumes that he brings both official and individual capacity claims against him. (D.E. 1). Plaintiff seeks injunctive and monetary relief.

On April 26, 2022, the undersigned ordered service of process on Defendant.  (D.E. 8).  On July 1, 2022, Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (D.E. 12).  Plaintiff has not filed a response.

## III.    PLAINTIFF'S ALLEGATIONS

Plaintiff, who is Native American, alleges the following relevant facts in his original complaint. (D.E. 1).  Plaintiff claims that Defendant has violated RLUIPA and the First Amendment when Plaintiff was denied the right to grow out his hair with a braid, pursuant to his Native American faith. (D.E. 1, pgs. 3-4). Plaintiff further alleges that he was written up on December 23, 2021 and punished for wearing his hair long. (D.E. 1 at 4). Plaintiff further alleges that his grievances regarding his request to grow his hair out were denied.

*Id*. Plaintiff also alleges that he submitted HQ-150 requests to officials, which did not resolve his concerns. See *id*. Plaintiff has since been paroled.  (D.E. 12, Exhibit A).

## IV.   LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Defendant moves to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6).  (D.E. 12).  Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1887 (2d Cir. 1996)). Lack of subject matter jurisdiction may be found in three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Once the subject matter jurisdiction has been challenged, the party asserting jurisdiction retains the burden of proof that jurisdiction truly does exist.  *Id*.

Rule12(b)(6), in turn, provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  "[A] plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 554-55.  When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## V.    DISCUSSION

### A.    Official Capacity Claims

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998).  As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S.

159, 166 (1985).   Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver*, 276 F.3d at 742 (recognizing that the Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

Defendant contends in his Motion to Dismiss that, to the extent Plaintiff sues him in his official capacity for money damages, those claims are barred by the Eleventh Amendment.  (D.E. 12, pgs. 2-3).  The undersigned agrees.   Accordingly, it is respectfully recommended that Defendant's Motion to Dismiss be granted on this issue and that Plaintiff's claims for money damages against Defendant in his official capacity be dismissed without prejudice.

### B.    Injunctive Relief

Defendant contends in his Motion to Dismiss that Plaintiff's request for injunctive relief is moot because Plaintiff has been paroled. (D.E. 12, pgs. 4-5).  Plaintiff seeks injunctive relief in the form of ordering Defendant to allow Plaintiff to grow his in a braid. (D.E. 1, pgs. 3-4).

The argument that a claim is moot challenges a court's jurisdiction. *See Eddins v. Excelsior Ind. Sch. Dist.*, 88 F.Supp.2d. 695, 701 (E.D. Tex. 2000) (citing U.S. Const. art. III and *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)); see also *Thompson v. United States*, No. 3:06-CV-2144-D (BH), 2007 WL 1412308, at *3 (N.D. Tex. 2007) (a motion to dismiss on the grounds that a claim is moot may be brought under Rule 12(b)(1) for lack of subject matter jurisdiction). A case becomes moot if it "no longer present[s] a

case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id*. (citing *Lewis v. Cont'l Bank Corp*., 494 U.S. 472 (1990)) (observing "[t]his means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'").

Plaintiff's transfer from the McConnell Unit to parole status renders moot any claim seeking injunctive relief for issues arising from his conditions of confinement at the McConnell Unit.  See  *Smith v. City of Tupelo, Mississippi*, 281 F. App'x 279, 282 (5th Cir. 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)); *Sias v. Jacobs*, No. 6:17cv413, 2017 WL 8229544, at *4 (E.D. Tex. Dec. 11, 2017); *King v. TDCJ*, No 3:15-CV-1365, 2016 WL 8671926, at *2 (N.D. Tex. Jan. 8, 2016).  Accordingly, the undersigned respectfully recommends that his claims for injunctive relief against Defendant in his individual and official capacities be dismissed without prejudice for lack of subject matter jurisdiction.

## C.     RLUIPA

The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden both "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental

interest." 42 U.S.C. § 2000cc–1(a). The statute also provides for a cause of action for a RLUIPA violation. 42 U.S.C. § 2000cc–2(a).

Under the RLUIPA, a plaintiff bears the initial burden of showing that "the challenged government action 'substantially burdens' the plaintiff's 'religious exercise.'" *Mayfield v. Tex. Dept. of Criminal Justice.*, 529 F.3d 599, 613 (5th Cir. 2008). Religious exercise is substantially burdened if the burden "truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs." *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004). Once the plaintiff meets his initial burden, the burden shifts to the government to "demonstrate that its action was supported by a compelling interest and that the regulation is the least restrictive means of carrying out that interest." *Mayfield*, 529 F.3d at 613.

Congress enacted RLUIPA to provide broad protection for religious liberty. *Holt v. Hobbs*, 574 U.S. 352, 356 (2015). Thus, RLUIPA protections are expansive and are to be construed broadly to favor the maximum religious liberty appropriate in an institutional setting. *Id.* at 357.

### (1)  Individual Capacity

Defendant contends in his Motion to Dismiss that RLUIPA does not allow for individual capacity claims or claims seeking monetary relief. (D.E. 12, pgs. 3-4). The undersigned agrees.

RLUIPA does not permit a claimant to pursue claims against government officials in their individual capacities. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 329 (5th Cir. 2009). Plaintiff also may not seek monetary relief with respect to his RLUIPA claim. *Sossamon v. Texas*, 563 U.S. 277, 288 (2011) (holding that, because injunctive or declaratory relief is the only relief a court may grant under RLUIPA, a claimant may not seek monetary damages for his or her RLUIPA claim). Accordingly, the undersigned respectfully recommends that the Court grant Defendant's Motion to Dismiss and dismiss with prejudice Plaintiff's RLUIPA claim against Defendant in his individual capacity and his RLUIPA claim seeking monetary relief damages against Defendant.

### D.    First Amendment

The First Amendment provides that Congress shall make no law respecting the establishment of religion or prohibiting the free exercise thereof. U.S. Const., amend I. While prisoners retain their First Amendment rights, including the right to free exercise of religion, they only retain those First Amendment rights which "are not consistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 427 U.S. 817, 822 (1974). Thus, a prisoner's right to practice his religion may be limited where the prison officials establish that there is a legitimate penological objective. *Id*.; *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972) (*per curiam*); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate

penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

In evaluating the reasonableness of a prison regulation, four factors are considered: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it," (2) "whether there are alternative means of exercising the right that remain open to prison inmates," (3) "the impact accommodation ... will have on guards and other inmates, and on the allocation of prison resources generally," (4) whether there are "ready alternatives that could fully accommodate[ ] the prisoner's rights at de minimis cost to valid penological interests." *Turner*, 482 U.S. at 89–91 (internal citations and quotation marks omitted). While *Turner*'s standard encompasses four factors, the Fifth Circuit has noted that "rationality is the controlling factor, and a court need not weigh each factor equally." *Mayfield*, 529 F.3d at 607 (citation omitted).

Defendant contends that Plaintiff's claim based on his desire to grow his hair in braids fails to rise to the level of a constitutional violation under the First Amendment. (D.E. 12, pgs. 7-8). Plaintiff has not responded.

The First Amendment provides less protection than the RLUIPA. *Holt*, 574 U.S. at 361-62; *McKnight v. MTC*, No. 3:15-CV-1647, 2015 WL 7730995, at *4 (N.D. Tex. Nov. 9, 2015). The Fifth Circuit has consistently rejected prisoners' First Amendment claims against a prison's grooming policy, concluding that such grooming policies are rationally related to legitimate penological interests of identification and safety. *See Green v.*

*Polunsky*, 229 F.3d 486 (5th Cir. 2000) (rejecting First Amendment claim against TDCJ's ban on long hair and beards); *Taylor v. Johnson*, 257 F.3d 470 (5th Cir. 2001) (affirming dismissal of First Amendment claim against TDCJ's ban of religious beards); *Ali v. Quarterman*, 434 F. App'x 322 (5th Cir. 2011) (same); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (affirming the dismissal of a Rastafarian inmate's First Amendment claim as frivolous where he sought to challenge the TDCJ's policy prohibiting long hair and beards).

Accordingly, based on the various decisions issued by the Fifth Circuit, the undersigned respectfully recommends that Defendant's Motion to Dismiss (D.E. 12) be granted on this issue and that Plaintiff's First Amendment claim against Defendant in his individual and official capacities be dismissed for failure to state a claim for relief.

### E.   Qualified Immunity

With regard to Plaintiff's First Amendment claim raised against Defendant in his individual capacity, the doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). "To discharge this burden, the plaintiff must

satisfy a two-prong test.  *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).  First, he must claim that the defendant committed a constitutional violation under current law.  *Id.*  Second, he must claim that the defendant's action was objectively reasonable in light of the law that was clearly established at the time of the complained-of actions. *Id.*

It is often but not always appropriate to conduct the qualified immunity analysis by first determining whether a constitutional violation has occurred.  *See Pearson*, 555 U.S. at 236.  In this case, because Plaintiff has failed to establish a First Amendment claim against Defendant in his individual capacity, it is not necessary to examine whether his actions were objectively reasonable.

Accordingly, it is respectfully recommended that Defendant is entitled to qualified immunity as to Plaintiff's First Amendment claims asserted against him in Defendant's individual capacity.

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss (D.E. 12) be **GRANTED** to the extent that: (a) Plaintiff's claims for money damages against Defendant in his official capacity be **DISMISSED without prejudice** as barred by the Eleventh Amendment; (b) Plaintiff's claims for injunctive relief against Defendant be **DISMISSED without prejudice** for lack of subject matter jurisdiction; (c) Plaintiff's RLUIPA claim against Defendant in his individual capacity and his RLUIPA claim seeking monetary damages be **DISMISSED with**

**prejudice**; and (d) Plaintiff's First Amendment claim against Defendant in his individual and official capacities be **DISMISSED with prejudice** for failure to state a claim for relief and because Defendant is entitled to qualified immunity as a matter of law.  It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.


Respectfully submitted on September 9, 2022.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).